

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

BARRY LYNN VIA,

    Plaintiff,

v.                                    Civil Action No.3:07CV778

HELEN F. FAHEY, et al.,

    Defendants.

MEMORANDUM OPINION

Barry Lynn Via, a Virginia inmate, brings this 42 U.S.C. § 1983 action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. § 1343(a)(3).

I. PROCEDURAL HISTORY

The Magistrate Judge made the following findings and recommendations:

> This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); see 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" Clay v. Yates, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).
> 
>     "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In

considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him [or her] to relief." Conley, 355 U.S. at 45-46. In Bell Atlantic Corp., the United States Supreme Court noted that the complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." 127 S. Ct. at 1964-65 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. at 1965 (citation omitted), to one that is "plausible on its face," id. at 1974, rather than "conceivable." Id. Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### Summary of Allegations

Plaintiff is an inmate confined in the Virginia Department of Corrections. Plaintiff alleges that the defendants, employees of the Virginia Parole Board, violated his rights with respect to the revocation of his parole. Specifically, he asserts that his state law

right to be present at the parole revocation hearing was violated because jail staff never called him to attend the hearing. Because Plaintiff is proceeding pro se, the Court will liberally construe his actions to have been brought under the Due Process Clause of the Fourteenth Amendment,[1] such that his complaint gives rise to a cause of action under § 1983. See Black v. Romano, 471 U.S. 606, 612 (1985) (stating that before parole can be revoked, due process requires certain procedural requirements including, inter alia, "an opportunity to be heard in person" (citing Gagnon v. Scarpelli, 411 U.S. 778, 786 (1973))). Plaintiff seeks $350,000 in monetary damages and reversal of the parole board's decision.

The basic premise behind Plaintiff's claim, that he is entitled to monetary damages and injunctive relief stemming from the improper revocation of his parole and his current incarceration, is legally frivolous under Heck v. Humphrey, 512 U.S. 477 (1994) and related cases. In Heck, the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

Heck, 512 U.S. at 486-87 (internal footnote omitted). The Supreme Court then required that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487.

---

[1] "No State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1.

In Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court extended Heck to bar 42 U.S.C. § 1983 actions that do not directly challenge confinement, but instead contest procedures which necessarily imply unlawful confinement. Id. at 646. The principle procedural defect complained of by the inmate-litigant in Balisok was a biased decision-maker. Id. at 648. The Supreme Court concluded that such a challenge necessarily implied the invalidity of the sanction imposed by that decision-maker and thus was subject to the bar announced in Heck. Id. The Supreme Court recently summarized that Heck and the related cases teach that:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)-*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).

The first question this Court must ask is whether success on Plaintiff's claim necessarily implies the invalidity of the Parole Board's revocation decision and his current detention. Heck, 512 U.S. at 487; see also Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006). Here, Plaintiff not only seeks monetary damages but also asks the Court to reverse the Parole Board's decision to revoke his parole. Plaintiff does not articulate, and the Court cannot conceive, how a finding that he is improperly being detained because his parole revocation hearing violated his procedural rights would not necessarily imply the invalidity of the revocation decision. See Williams, 453 F.3d at 177. Accordingly, to the extent Plaintiff has pled a claim that satisfies his obligation under Federal Rule of Civil Procedure 8(a), such a claim necessarily implies the invalidity of the revocation of his parole. See id.; see also White v. Gittens, 121 F.3d 803, 807 (1st Cir. 1997) (concluding that plaintiff's § 1983 claim based on the revocation of his parole was barred by Heck).

Because success on this claim necessarily implies that the Parole Board's revocation determination and Plaintiff's current incarceration are invalid, under the second portion of the Heck analysis, Plaintiff must

4

> demonstrate that the revocation of his parole has been declared invalid by a state tribunal authorized to make such a determination or called into question by a federal court's issuance of a writ of habeas corpus. Heck, 512 U.S. at 486-87; see also White, 121 F.3d at 807; Jones v. Va DOC, No. 7:06-cv-00648, 2006 WL 3314517, at *1 (W.D. Va. Nov. 14, 2006). Plaintiff admits that he has not filed any other action in state or federal court dealing with the same facts. Because Plaintiff fails to demonstrate that the parole revocation proceeding and his concomitant confinement have been declared invalid by a state or federal tribunal, his § 1983 claim for damages and injunctive relief has not yet accrued and his claim is barred by Heck. See Cooper v. Murray, Nos. 94-8084 & 95-6243, 1995 WL 79953, at *1 (4th Cir. Feb. 28, 1995); Jones, 2006 WL 3314517, at *1. Accordingly, it is RECOMMENDED that Plaintiff's claims and the action be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).[2]

(April 30, 2008 Report and Recommendation.) The Court advised Via that he could file objections or an amended complaint within ten (10) days of the date of entry thereof. The Court received Via's objections on May 9, 2008.

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C.

---

[2] When a state prisoner is challenging the revocation of his parole and his subsequent re-incarceration, such an action is more properly brought in federal court pursuant to a writ of habeas corpus under 28 U.S.C. § 2254 after he has exhausted his state remedies. Preiser v. Rodriguez, 411 U.S. 475, 486 (1973); Jones, 2006 WL 3314517, at *2.

5

1993) (citing Mathews v. Weber, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute." Thomas v. Arn, 474 U.S. 140, 147 (1985).

### III. VIA'S OBJECTIONS

Via objected to the Report and Recommendation on the following grounds:

| | |
|---|---|
| Ground #1 | Via was not in the Department of Corrections when his claim arose. |
| Ground #2 | Via's substantive claims are valid because his rights were violated, and his parole would not have been revoked if he had been present at his parole hearing. |
| Ground #3 | Via can only challenge his parole revocation in an action pursuant to 42 U.S.C. § 1983. |

(Pl.'s Written Objections 1-2.)

Via's contention that he was not in the Department of Corrections when his claim arose is irrelevant. Regardless of his location of confinement, this Court can not grant relief without implying the invalidity of Via's conviction. See Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005). Similarly, the

merit or lack thereof of Via's substantive claims does not alter the analysis. Id. Accordingly, Via's first and second objections will be OVERRULED. Finally, Via's third objection is simply false as a matter of law. Virginia law permits inmates to challenge their parole revocation in a state petition for a writ of habeas corpus. See Wade v. Robinson, 327 F.3d 328, 333 n.4 (4th Cir. 2003). Via's third objection will be OVERRULED.

## IV. CONCLUSION

Pursuant to the Court's de novo review of the record, Via's objections to the Report and Recommendation will be OVERRULED, the Report and Recommendation will be ACCEPTED AND ADOPTED, and the action will be DISMISSED. The Clerk will be DIRECTED to note the disposition of the action for purposes 28 U.S.C. § 1915(g).

The Clerk is DIRECTED to send this Memorandum Opinion to Via.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: January 28, 2009
Richmond, Virginia